## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| YUMMY CANDIES, INC., and NICHOLAS KHENY, <br><br> Plaintiffs, <br><br> v. <br><br> SKY NUTRO INCORPORATED f/k/a SKY NUTRO, LLC, NATHANIEL SPOCK, and PAUL BARSTOW, <br><br> Defendants. | Civil Action No. |

## COMPLAINT

Plaintiffs, Yummy Candies, Inc. ("Yummy Candies") and Nicholas Kheny ("Kheny"), (together, the "Plaintiffs") bring this action against Defendants, Sky Nutro Incorporated f/k/a Sky Nutro, LLC ("Sky Nutro"), Nathaniel Spock ("Spock"), and Paul Barstow ("Barstow") (Sky Nutro, Spock and Barstow together, the "Defendants"). In support thereof, Plaintiffs allege as follows:

### Introduction

1. Yummy Candies hired Sky Nutro to manufacture its popular Blobs candy.

2. Instead, Sky Nutro manufactured unsafe and nonconforming candy, withheld the formulas and process information Yummy Candies owned, and then used its improperly withheld information to extract even more concessions from Yummy Candies, who it had already failed.

3. At the center of this dispute are gummy candies manufactured by Sky Nutro for Yummy Candies' Blobs brand which never should have reached consumers. Inexcusably, the candies Sky Nutro produced contained foreign objects including metal hardware, embedded insects, human hair, paper towel, and black specks. One customer who found a sour-coated bolt

after eating two gummies asked the obvious question: "My kids enjoy these as well. What if they took it to school and accidentally ate it?" Another customer reported finding a bug embedded inside a gummy just before putting it in her mouth.

4.    These are not isolated mistakes. Sky Nutro's own record reflects repeated quality-control failures, out-of-specification lots, cross-contamination, labeling and shelf-life failures, process-control failures, and even a batch of candies designated for destruction that nevertheless entered distribution. Sky Nutro's quality controls woefully failed and put consumers at risk.

5.    Moreover, in addition to the substandard and dangerous product it produced, Sky Nutro failed to deliver Yummy Candies anywhere near the amounts of usable product under the timelines required pursuant to the parties' contract. Sky Nutro delivered only a fraction of committed quantities, repeatedly revised delivery schedules, then failed to meet those revised schedules, and diverted production capacity to other customers while Yummy Candies' paid orders remained in arrears. Yummy Candies was left with missing product, defective product, and a brand exposed to consumer and regulatory risk.

6.    The agreements left no ambiguity about intellectual property ownership, assigning to Yummy Candies all right, title, and interest in any intellectual property of any kind created for or relating to Yummy Candies' products (the "Assigned IP").

7.    Instead, Sky Nutro withheld the Fire Blobs formula and other technical information, conditioned continued production and delivery on renegotiating the Intellectual Property Assignment Agreement (the "IP Agreement"), and upon information and belief, used or intended to use Yummy Candies' formulations and production methods to produce candies for Yummy Candies' competitors. The IP Agreement is attached hereto as **Exhibit A**.

2

8. Plaintiffs bring this action to recover damages for Defendants' breaches and failures to deliver conforming product, to stop Defendants' misuse of Yummy Candies' Assigned IP, to hold Defendants accountable for manufacturing defective and dangerous product, and to protect Kheny's and Yummy Candies' minority interests in Sky Nutro from retaliatory dilution.

**PARTIES**

9. Plaintiff Yummy Candies, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1795 Colt Road, Media, Pennsylvania 19063.

10. Plaintiff Nicholas Kheny is an individual and a citizen of the Commonwealth of Pennsylvania. Kheny is the Co-President of Yummy Candies and a former Chief Financial Officer and director of Sky Nutro. Kheny is also a minority investor in Sky Nutro.

11. Defendant Sky Nutro, Inc., formerly known as Sky Nutro, LLC, is a corporation organized under the laws of the Commonwealth of Massachusetts, with its registered office and principal place of business at 65 Moon Street, Southbridge, Massachusetts 01550.

12. Defendant Nathaniel Spock is the President, Chief Executive Officer, and a Director of Sky Nutro. Upon information and belief, Spock is domiciled at 5 Hilltop Park, Wilbraham, Massachusetts 01095.

13. Defendant Paul Barstow is the Secretary, Chief Operating Officer, and a Director of Sky Nutro. Upon information and belief, Barstow is domiciled at 283 Old Dunstable Road, Groton, Massachusetts 01450.

**JURISDICTION AND VENUE**

14. This Court has jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

Furthermore, the Master Supply Agreement (the "MSA") provides for exclusive jurisdiction in federal and state courts within Delaware County, Pennsylvania. The MSA is attached hereto as **Exhibit B**.

**FACTUAL BACKGROUND**

  I.   **The Governing Agreements**

16.  On October 31, 2023, Yummy Candies and Sky Nutro entered into the MSA, pursuant to which Sky Nutro agreed to manufacture and supply Yummy Candies' branded gummy candy products. *See* Ex. B at 1.

17.  On January 28, 2024, Yummy Candies and Sky Nutro entered into the IP Agreement. *See* Ex. A at 7.

18.  Under the IP Agreement, Sky Nutro knowingly, unconditionally, irrevocably, and fully assigned to Yummy Candies all right, title, and interest in the Assigned IP. *See id* §1.

19.  Sky Nutro is required at Yummy Candies' request and without further consideration, to take actions necessary to make the Assigned IP available to Yummy Candies. *See id* §4.

20.  Furthermore, Sky Nutro is required, at Yummy Candies' request and without further consideration, to take actions necessary to secure and make effective Yummy Candies' rights under the IP Agreement. *See id* §9.

21.  The prevailing party in any litigation arising under the IP Agreement is entitled to reimbursement of its reasonable attorneys' fees and costs. *See id* §§19, 22.

22.  The MSA further provides that intellectual property created for Yummy Candies' products—including the Assigned IP—shall remain the sole and exclusive property of Yummy Candies and that Sky Nutro will acquire no right, title, or interest in that intellectual property. *See* Ex. B §6.01.

23.    Under the MSA, Sky Nutro is required to cooperate in securing and making effective Yummy Candies' rights in the Assigned IP. *See id* §6.02.

24.    Sky Nutro agreed to manufacture and supply products ordered by Yummy Candies according to the applicable specifications. *See id* §2.01.

25.    Sky Nutro is also required to manufacture products free from faulty workmanship and defective materials. *See id* §10.01.

26.    Sky Nutro is obligated to make Yummy Candies whole for uncured manufacturing defects or omissions. *See id* §2.02.

27.    The MSA granted Yummy Candies "Most Favored Customer" status, including as to pricing, payment terms, manufacturing, supply, delivery priorities and schedules, and warranty conditions.  *See id* §2.04.

28.    The MSA conditioned final payment on Sky Nutro's completion of pre-shipment certification requirements and Yummy Candies' approval, including Certificates of Analysis ("COAs"), pH tests, and water activity tests. *See id* §3.02.

29.    Sky Nutro is required to use the same shipping procedures and degree of care they used for their own customers. *See id* §3.03.

30.    Sky Nutro is obligated to use commercially reasonable efforts to produce products for shipment on Yummy Candies' designated shipment dates. *See id* §4.02.

31.    The MSA also protects Yummy Candies' investment and equity position in Sky Nutro. Section 8.02 grants Yummy Candies a preemptive right to purchase its pro rata share of any new issuance of Sky Nutro equity securities, or securities convertible into equity, to maintain Yummy Candies' percentage ownership in Sky Nutro. *See id* §8.02.

32.    MSA Section 8.03 grants Yummy Candies a right of first refusal if Sky Nutro intends to sell, transfer, or otherwise dispose of any material interest, including by merger, acquisition, corporate reorganization, or asset sale, and required written notice of the proposed transaction's terms. *See id* §8.03.

33.    Sky Nutro is required to maintain $2,000,000 in comprehensive third-party liability insurance and to name Yummy Candies as an additional insured on the policy. *See id* §12.01.

34.    Sky Nutro is obligated to indemnify Yummy Candies for all losses, damages, liabilities, costs, and expenses arising from Sky Nutro's negligence, willful misconduct, or breach of its representations, warranties, covenants, or agreements. *See id* §17.01.

## II.    The Investment and Governance Relationship

35.    In addition to the commercial relationship, Yummy Candies and Kheny are minority investors in Sky Nutro.

36.    On July 10, 2023, Sky Nutro, and its Members and Managers executed a First Amended and Restated Limited Liability Company Agreement (the "Operating Agreement"). The Operating Agreement is attached hereto as **Exhibit C**. *See* Operating Agreement at 1.

37.    Kheny became Chief Financial Officer and a member of Sky Nutro's Board of Managers. *See id* §§II.3, II.9.

38.    Spock became President and Chief Executive Officer of Sky Nutro and Barstow became Chief Operating Officer. *See id* §II.9.

39.    Kheny made investments in Sky Nutro, including a $15,000 Class A investment. Yummy Candies also provided bridge financing to Sky Nutro, including a $50,000 wire transfer on or about July 28, 2023.

40.     From 2023 through his March 2026 resignation, Kheny performed substantial financing, investor-relations, and business-development for Sky Nutro, including investor outreach, financing assistance, strategic introductions, and lease-related support.

41.     Despite Kheny's contributions, an indemnification agreement was drafted for his protection, but Sky Nutro never executed it.

### III.     Sky Nutro's Systematic Delivery Failures

42.     From July through November 2025, Sky Nutro delivered between 3% and 47% of committed quantities across successive delivery windows for multiple paid purchase orders made by Yummy Candies.

43.      Sky Nutro repeatedly revised production schedules and missed successive deadlines.

44.     As of March 20, 2026, approximately 231,842 pouches of product across paid purchase orders remained undelivered, representing approximately $42,548 in prepayments for product that Sky Nutro never manufactured or delivered.

45.     In late January 2026, Sky Nutro confirmed that it had removed Yummy Candies' products from its production line during February 4-11, 2026, to complete a project for another brand while Sky Nutro remained in arrears to Yummy Candies on outstanding purchase orders.

46.     These failures breached Sky Nutro's obligations under Sections 2.01, 2.04, and 4.02 of the MSA.

### IV.     Repeated Quality Failures and Defective Product

47.     On at least sixteen documented occasions since 2024, Sky Nutro manufactured and placed into distribution defective, nonconforming, or contaminated Blobs product, including product containing foreign objects such as metal hardware, embedded insects, human hair, paper

7

towel, and black specks; product with out-of-specification size, color, texture, flavor, coating, or appearance; product with incorrect expiration dates or labeling; product cross-contaminated with non-Blobs or wrong format gummies; and product that had been designated for destruction but nevertheless entered Amazon fulfillment and investor sample distribution.

48.    In or about April 2024, newly produced Pom Apple gummies were discovered to have an inconsistent taste profile caused by a critical cooking error, resulting in the affected product being removed from inventory.

49.    In or about December 2024, Black Raspberry Cherry gummies manufactured by Sky Nutro were found to have flavor and coating defects caused by improper curing conditions, resulting in an estimated loss of approximately 284,000 gummies.

50.    These quality failures breached Sky Nutro's obligations under Sections 2.01, 2.02 and 10.01 of the MSA.

### V.    Failure to Provide Certificates of Analysis

51.    Despite repeated written requests from August 2025 through March 2026, Sky Nutro failed to provide COAs and batch production records for multiple production runs.

52.    These failures breached Sky Nutro's obligations under Section 3.02 of the MSA.

### VI.    Intellectual Property Withholding and Misuse

53.    Beginning in or about August 2025, Sky Nutro halted production of Yummy Candies' Fire Blobs product.

54.    Sky Nutro conditioned resumption of the Fire Blobs production and delivery of the already-assigned intellectual property on Yummy Candies' agreement to renegotiate the IP Agreement on terms more favorable to Sky Nutro.

55. In the fall of 2025, Sky Nutro demanded that Yummy Candies prepare and negotiate a new IP transfer agreement as a condition of Sky Nutro's commitment to a delivery schedule for product Yummy Candies already paid for.

56. Yummy Candies incurred legal fees in drafting the agreement, which Sky Nutro ultimately refused to finalize.

57. Upon information and belief, Sky Nutro has used formulations and production methods developed for Yummy Candies' products to manufacture products for its other customers, i.e., Yummy Candies' competitors, without authorization, in violation of Yummy Candies' exclusive ownership rights.

58. This conduct breached Sections 1, 4, and 9 of the IP Agreement and Sections 6.01 and 6.02 of the MSA.

## VII. Termination for Cause

59. On March 20, 2026, Yummy Candies delivered a Termination Notice to Sky Nutro, terminating the MSA due to Sky Nutro's material breaches.

60. The Termination Notice demanded among other things: return of all deposits and prepayments for nonconforming or undelivered product; release and return of all physical property including finished product, molds, tooling, packaging materials, and labels belonging to or purchased on behalf of Yummy Candies; a complete accounting; immediate delivery of all Assigned IP; and cooperation with Yummy Candies' transition to an alternative manufacturer.

61. Yummy Candies' direct damages total at least $156,930.38, comprising approximately $42,548 in prepayments for undelivered product, $35,160 in pre-purchase-order coverages, $37,782 in documented credits, $23,750 in a mold tooling advance, legal fees incurred

in drafting an IP transfer agreement demanded by Sky Nutro, and costs of defective and nonconforming product.

62.    Yummy Candies also seeks lost profits, transition costs, consequential damages, and damages arising from reputational harm and potential regulatory exposure.

**VIII.    Sky Nutro Freezes Out Kheny and Yummy Candies**

63.    On March 20, 2026, Yummy Candies sent Sky Nutro a demand letter pursuant to Massachusetts General Laws Chapter 93A, §11 (the "Chapter 93A Demand"). The Chapter 93A Demand is attached hereto as **Exhibit D**.

64.    The Chapter 93A Demand identified Sky Nutro's unfair and deceptive acts in trade or commerce, including: withholding the Assigned IP as leverage; unauthorized use of the Assigned IP to manufacture products for other customers; shipment of product that was unfit for commercial distribution; and systematic delivery failures while accepting payment for product.

65.    On March 9, 2026, Kheny submitted a formal written resignation from all positions with Sky Nutro, including his roles as Director and Chief Financial Officer.

66.    On March 24, 2026, Sky Nutro, through Spock, responded: "We deny your resignation."

67.    Sky Nutro converted from a limited liability company to a corporation, but the documents presently available to Kheny and Yummy Candies do not include the full conversion record showing how minority shareholder rights were handled in connection with the conversion.

68.    In March 2026, Sky Nutro, through Spock, pursued a shareholder buyback for Kheny's interests.

69.    Kheny did not agree to the buyback, and he remained a continuing shareholder thereafter.

70. Sky Nutro has withheld key corporate records from Plaintiffs, including board minutes, financial statements, cap tables, and conversion documents, despite Plaintiffs' assertion of statutory inspection rights.

71. On May 18, 2026, Kheny received notice of a special shareholder meeting scheduled for May 25, 2026. Sky Nutro rescheduled the meeting to May 26, then to May 29, 2026, and later re-noticed a shareholder meeting for July 6, 2026.

72. Yummy Candies, a separate shareholder, received no notice of the initial meeting.

73. The notices described the meeting as concerning amendment of the bylaws and articles of organization to permit issuance of additional shares to enable company growth and equity investment.

74. The meeting package went far beyond simply authorizing additional shares.

75. The draft bylaws, restated articles, and shareholder materials proposed governance changes including: an increase in authorized shares to 250,000 Common shares and 25,000 Class A Shares; transfer restrictions; a company right of first refusal; restrictions on transfers to board-deemed competitors; a buyback-on-death provision valued at six times trailing twelve-month EBITDA; drag-along obligations; and tag-along rights.

76. The meeting notices were misleading and incomplete.

77. The notices described the meeting purpose as amending the bylaws to allow the issuance of additional shares for growth, without disclosing broader governance changes materially affecting minority shareholder rights.

78. Sky Nutro's investor materials understated the dilution risk by emphasizing that only approximately three new shares would be issued, while the proposed investment involved fifteen total shares.

79.    Upon information and belief, these actions were intended to dilute Plaintiffs' minority interests and impair Yummy Candies' contractual investment protections, including its preemptive rights and right of first refusal under the MSA.

80.    Spock and Barstow proposed these governance changes while Yummy Candies' claims against Sky Nutro—arising from conduct directed by Sky Nutro's management—remain unresolved.

## COUNT I
## BREACH OF MASTER SUPPLY AGREEMENT
(Yummy Candies v. Sky Nutro)

81.    Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

82.    The MSA is a valid and binding contract between Yummy Candies and Sky Nutro.

83.    Yummy Candies performed its obligations under the MSA, including timely payment for purchase orders.

84.    Sky Nutro materially breached the MSA by among other things: (a) failing to manufacture and supply Yummy Candies' products in accordance with accepted purchase orders, applicable specifications, and designated shipment schedules, as required by Sections 2.01, 4.01, and 4.02; (b) failing to fix, mitigate, or correct manufacturing defects and omissions after notice was given as required by Section 2.02; (c) failing to provide required certifications and testing documentation as required by Section 3.02; (d) failing to use the required care in shipping, release, and handling of products under Article 3.03; (e) delivering product that was affected by faulty workmanship and defective materials in breach of Section 10.01; (f) withholding or failing to make available the Assigned IP under Sections 6.01 and 6.02; (g) prioritizing other customers in violation of Section 2.04; (h) failing to make Yummy Candies whole for uncured manufacturing

defects or omissions under Section 2.02; (i) failing to maintain the insurance coverage required by Section 12.01; and (j) pursuing equity transactions without honoring Yummy Candies' preemptive rights and right of first refusal under Sections 8.02 and 8.03.

85.    As a direct and proximate result of Sky Nutro's breaches, Yummy Candies has suffered damages in an amount to be proven at trial.

**WHEREFORE,** Yummy Candies respectfully requests that this Court enter judgment in its favor and against Sky Nutro, awarding compensatory damages, consequential damages, pre-judgment and post-judgment interest, attorneys' fees and costs of suit, and such other and further relief as this Court deems just and proper.

## COUNT II
### BREACH OF INTELLECTUAL PROPERTY ASSIGNMENT AGREEMENT
(Yummy Candies v. Sky Nutro)

86.    Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

87.    The IP Agreement is a valid and binding contract between Yummy Candies and Sky Nutro.

88.    Yummy Candies performed its obligations under the IP Agreement.

89.    Sky Nutro breached the IP Agreement by: (a) refusing to deliver the Assigned IP that was unconditionally assigned to Yummy Candies under Section 1; (b) withholding the Assigned IP as leverage to force renegotiation in violation of Section 4; (c) upon information and belief, using the Assigned IP for unauthorized third-party manufacturing in violation of Section 1; and (d) failing to effectuate transfer of the Assigned IP to Yummy Candies as required in violation of Sections 4 and 9.

90.     As a direct and proximate result of Sky Nutro's breaches, Yummy Candies has suffered damages in an amount to be proven at trial.

**WHEREFORE,** Yummy Candies respectfully requests that this Court enter judgment in its favor and against Sky Nutro awarding compensatory damages, consequential damages, specific performance, pre-judgment and post-judgment interest, attorneys' fees and costs of suit, and such other and further relief as this Court deems just and proper.

<u>COUNT III</u>
**BREACH OF THE FIDUCIARY DUTY OF LOYALTY/ MINORITY SHAREHOLDER OPPRESSION**
(Kheny and Yummy Candies v. Sky Nutro, Spock, and Barstow)

91.     Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

92.     Kheny and Yummy Candies are minority shareholders of Sky Nutro.

93.     At all relevant times, Spock and Barstow controlled Sky Nutro as its controlling shareholders, officers, and directors, and owed fiduciary duties of loyalty to Sky Nutro's minority shareholders, including Kheny and Yummy Candies.

94.     Sky Nutro, acting through Spock and Barstow, engaged in oppressive conduct toward Plaintiffs as minority shareholders.

95.     Spock and Barstow breached their fiduciary duties of loyalty, and Sky Nutro engaged in minority shareholder oppression, by using corporate control to advance the interests of Spock, Barstow, and the controlling shareholders at Plaintiffs' expense, including by: (a) causing or permitting Sky Nutro to convert from a limited liability company to a corporation without providing minority shareholders with complete corporate records sufficient to determine how their ownership and rights were treated in the conversion; (b) failing to execute, honor, or provide the indemnification protections promised to Kheny in connection with his service to Sky Nutro; (c)

14

failing to provide Yummy Candies and Kheny with adequate notice, financial information, corporate records, and disclosure before seeking shareholder approval of governance changes that would materially affect their minority rights; (d) purporting to deny Kheny's resignation to preserve leverage or control over him; (e) noticing and pursuing shareholder meetings on incomplete and misleading notices for the purpose of amending bylaws, restating articles, authorizing additional shares, creating additional share classes, and issuing equity in a manner that would dilute, subordinate, or otherwise impair minority interests; (f) failing to disclose that the proposed governance amendments included material minority rights changes, including drag-along rights, a buyback-on-death formula, transfer restrictions, a competitor-transfer bar, a new preferred class, company rights of first refusal, and other restrictions affecting minority shareholders' ability to hold, transfer, or protect value from their equity; and (g) taking actions that impaired or threatened to impair Yummy Candies' contractual investment protections, including its preemptive rights and right of first refusal under the MSA.

96. The foregoing conduct was oppressive to Plaintiffs as minority shareholders because it substantially interfered with their reasonable expectations as equity holders, deprived them of information and protections necessary to safeguard their interests, and threatened to dilute, subordinate, or eliminate the value of their minority interests.

97. As a direct and proximate result of Defendants' breaches of fiduciary duty and oppressive conduct, Plaintiffs have suffered damages in an amount to be proven at trial and are entitled to equitable relief.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, awarding compensatory damages, consequential damages, equitable relief invalidating or unwinding improper corporate actions, an accounting, disgorgement of any

improper benefits, pre-judgment and post-judgment interest, attorneys' fees and costs, and such other relief as the Court deems just and proper.

**COUNT IV**
**VIOLATION OF M.G.L. c. 93A, §11**
(Yummy Candies v. Sky Nutro)

98. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

99. At all relevant times, Yummy Candies and Sky Nutro were engaged in trade or commerce.

100. The unfair and deceptive acts and practices alleged herein occurred primarily and substantially in Massachusetts, where Sky Nutro is located and where Sky Nutro manufactured Yummy Candies' products.

101. Sky Nutro engaged in unfair or deceptive acts or practices in the conduct of trade or commerce, by among other things: (a) withholding Assigned IP as leverage to extract more favorable contractual terms from Yummy Candies; (b) upon information and belief, using Yummy Candies' Assigned IP for unauthorized manufacturing for other customers; (c) shipment of product that was unfit for commercial distribution; and (d) engaging in systematic delivery failures while accepting payment for product.

102. Sky Nutro's conduct was unfair, deceptive, knowing, willful, and undertaken in bad faith because Sky Nutro knew that the Assigned IP belonged to Yummy Candies and that Yummy Candies had prepaid for product Sky Nutro failed to deliver in conforming condition and a manner fit for commercial distribution.

103. As a direct and proximate result of Sky Nutro's unfair and deceptive acts and practices, Yummy Candies suffered damages in an amount to be proven at trial.

104.  On March 20, 2026, Yummy Candies sent Sky Nutro the Chapter 93A Demand identifying Sky Nutro's unfair and deceptive conduct and the relief sought. Sky Nutro did not make a reasonable settlement offer in response.

**WHEREFORE,** Yummy Candies respectfully requests that this Court enter judgment in its favor and against Sky Nutro, awarding compensatory damages, consequential damages, treble damages, attorney's fees and costs of suit, pre-judgment and post-judgment interest, and such other and further relief as this Court deems just and proper.

<u>**JURY DEMAND**</u>

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

<u>/s/      Nicholas J. Guiliano  </u>

**FOX ROTHSCHILD LLP**

John C. Fuller, Esq.
Nicholas J. Guiliano, Esq.
2001 Market Street, Suite 1700
Philadelphia, PA, 19103
Tel: 215.299.2160
jfuller@foxrothschild.com
nguiliano@foxrothschild.com

*Attorneys for Plaintiffs*

Dated: July 30, 2026